IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROY D. THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 09-179 |
| | ) |
| PENN UNITED TECHNOLOGY, BILL JONES, DAVID JONES, and JAMES FERGUSON, | ) ) ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge

## OPINION
and
## ORDER OF COURT

The individual Defendants, Bill Jones, David Jones, and James Ferguson, filed a Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 9). *Pro se* Plaintiff filed a Response thereto. (Docket No. 13). After careful consideration of the submissions by the parties and as more fully set forth below, the individual Defendants' Motion to Dismiss (Docket No. 9) is granted in part and denied in part.

**I.      Background**

*Pro se* Plaintiff filed a Complaint against his former employer, Penn United Technology ("Penn United") and individuals also employed by Penn United. It appears as though the Complaint alleges, *inter alia,* harassment, discrimination, and retaliation presumably in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq*. and the Pennsylvania Human Relations Act ("PHRA") 43 P.S. § 951, *et seq*. Defendants also assert that it the Complaint can be read to attempt to assert a cause of action against the Defendants for a violation of the workers' compensation law. The individual Defendants move to dismiss these claims against them individually. (Docket No. 9).

## II. Analysis

### A. Motion to Strike (Docket No. 14)

As an initial matter, I must determine the extent of my consideration of the material submitted by *pro se* Plaintiff. In opposition to the Motion to Dismiss, *pro se* Plaintiff attaches exhibits AA-GG and requests that this Court consider them in rendering its decision. (Docket Nos. 13-2 through 13-8). Generally, in considering a motion to dismiss based on Rule 12(b)(6), a district court may not consider matters "outside the pleading." Fed. R. Civ. P. 12(b)(6). Pleadings are defined by the Federal Rules to include a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, and a third-party answer. Fed. R. Civ. P. 7(a). Thus, when ruling upon a 12(b)(6) motion, a district court is limited to considering the facts as they are alleged in the complaint, anything properly attached thereto and matters of public record.[1] Fed R. Civ. P. 12(b)(6), 10(c).

Nonetheless, "when [a] plaintiff fails to introduce a pertinent document as part of his pleading, [a] defendant may introduce the exhibit as part of his motion attacking the pleading." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327, at 762-63 (2d ed. 1990).

> A court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document. Otherwise a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied.

*Pension Benefit Guar. Corp., v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The rationale behind this rule is that the document is not "outside" the complaint because the

---

[1] For purposes of a 12(b)(6) motion, the Third Circuit has defined public records to include criminal case dispositions such as convictions or mistrials, letter decisions of governmental agencies and published reports of administrative bodies. *Pension Benefit Guar. Corp., v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993). Based on this definition, none of the documents submitted by the parties herein fit into the category of public records.

complaint specifically refers to the document. Presumably, therefore, the plaintiff is on notice of the contents of the document. *Id*. at 1196-97. I find that same rationale applies to a *pro se* Plaintiff responding to a motion to dismiss, that is, that the defendant is presumably on notice of the contents of the documents upon which the complaint is based and a complaint should not be dismissed if it is legally sufficient.

Despite Defendants' argument to the contrary, the Complaint refers to the charge filed with the EEOC charges. (Docket No. 1, ¶7). *Pro Se* Plaintiff, however, failed to attach the investigatory documents related thereto. Instead, *pro se* Plaintiff attached them to his Response to the Motion to Dismiss. Defendants do not question the authenticity of the documents. Thus, to the extent that said documents relate to the EEOC charges and the investigation related thereto, I will take them into account when ruling upon Defendant's Motion to Dismiss.

B.      **Standard of Review**

In ruling on a 12(b)(6) motion for failure to state a claim, I must accept all factual allegations, and all reasonable inferences therefrom, as true and view them in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 525 F.3d 224, 231 (3d Cir. 2008). Although a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007); *Phillips,* 515 F.3d at 231. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (internal citations omitted).

With this standard in mind, I now turn to the issues of this case.

### C. Individual Liability under the ADA

The individual Defendants first argue that individuals are not subject to personal liability for violations of the ADA, and therefore, the individual Defendants must be dismissed. (Docket Nos. 9-10). In response, Plaintiff suggests that the individual Defendants may be held liable if they satisfy the statutory definition of "employer" under the ADA. (Docket No. 13, pp. 3-4). Here, *pro se* Plaintiff suggests that because the Penn United has been "in control of the 'Jones' family since its inception in 1971" and is "family run," the individual Defendants are individually liable. (Docket No. 13, p. 4).

After a review of the Complaint, it is clear that the employer in this case is Penn United. In the Complaint, *pro se* Plaintiff avers he was "employed" by Penn United. *See*, Complaint, ¶7. To that end, *pro se* Plaintiff has sued Penn United for alleged violations of the ADA as *pro se* Plaintiff's employer. Defendants have not moved to dismiss Penn United from the Complaint. *See*, Docket No. 9.

*Pro se* Plaintiff's argument that Penn United was "family run," does not translate into the individual Defendants becoming employers for purposes of liability under the ADA. *Pro se* Plaintiff has sued Penn United, as the employer, under the ADA. Therefore, *pro se* Plaintiff cannot now sue the individual Defendants as employers too. That is simply not permitted by the case law. *See, Emerson v. Thiel College,* 296 F.3d 184, 189 (3d Cir. 2002). The Third Circuit has held that individual employees are not liable under the ADA. *Id*. Consequently, individual Defendants' Motion to Dismiss the individual Defendants from the ADA claims of Plaintiff's Complaint is granted.

### D. Individual Liability under the PHRA

While the individual Defendants acknowledge that individual liability can exist under the PHRA, 43 P.S. §955(e), they argue that action against the individual Defendants under the PHRA cannot be maintained because Plaintiff failed to exhaust his administrative remedies as to them.

4

(Docket No. 10, pp. 3-4). Specifically, the individual Defendants assert that Plaintiff never named the individual Defendants in the charge of discrimination against the EEOC. In response, *pro se* Plaintiff, in essence, argues that the individual Defendants had sufficient notice since the individual Defendants were specifically identified in the PHRC Complaint and their conduct was not only within the scope but was the focus of the investigation. (Docket No. 13, p. 7).

After a review of the PHRC and the EEOC Charge of Discrimination and related investigation documents, (Docket Nos. 1-19, pp. 2-3; 13-6; 13-7; and 13-8 ), I find that the individual Defendants had sufficient notice of and participated in the PHRC process. As a result, it is clear that the individual Defendants were a part of the investigation and *pro se* Plaintiff has exhausted his administrative remedies with regard to the individual Defendants. Consequently, I do not find that dismissal of *pro se* Plaintiff's PHRA claims against the individual Defendants contained within the Complaint is warranted. Therefore, the individual Defendants' Motion to Dismiss them from the PHRA claims of *pro se* Plaintiff's Complaint is denied.

### E. Individual Liability for Workers' Compensation Retaliation

The individual Defendants' final argument is that they cannot be held liable for workers' compensation retaliation. (Docket No. 10, pp. 4-5). In responses, *pro se* Plaintiff does not argue that he is pursuing a claim for workers' compensation retaliation claims against the individual Defendants. Rather, he asserts that the allegations were an example of the "intentional maliciousness of Defendants' retaliation that happened to turn into plaintiff's physical injuries, and one example of plaintiff's claim for relief for intentional infliction of emotional distress titled under PHRA pain and suffering." (Docket No. 13, pp. 7-8). Thus, while *pro se* Plaintiff may be pursuing a workers' compensation retaliation claim against Penn United, he is not pursuing such a claim against the individual Defendants. Therefore, the individual Defendants' Motion to Dismiss the individual Defendants from Plaintiff's workers' compensation retaliation claim is denied as moot.

5

### F. Motion to Strike Response to Answer

*Pro se* Plaintiff filed a Response to Defendant, Penn United's, Answer and Counterclaims. (Docket No. 12). Defendants argue that a reply to an answer is not permitted unless the court orders one. (Docket No. 15, pp. 1-2, *citing* F.R.Civ.P. 7(a)). I grant *pro se* Plaintiff leave to file said Response. Therefore, Defendants' Motion to Strike (Docket No. 14) is denied as it relates to Plaintiff's Response to Defendant's Answer and Counterclaims.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROY D. THOMAS,  )
  )
   Plaintiff,  )
  )
vs.  ) Civil Action No. 09-179
  )
PENN UNITED TECHNOLOGY, BILL  )
JONES, DAVID JONES, and JAMES  )
FERGUSON,  )
  )
   Defendants.  )

AMBROSE, Chief District Judge

## ORDER

AND now, this 3rd day of April, 2009, after carful consideration of the Motion to Dismiss (Docket No. 9), said Motion (Docket No. 9) is granted in part and denied in part as follows:

1. The Motion to Dismiss (Docket No. 9) is granted with regard to the ADA claims against the individual Defendants and the ADA claims against the individual Defendants, Bill Jones, David Jones, and James Ferguson are dismissed with prejudice;

2. The Motion to Dismiss (Docket No. 9) is denied as it relates to the PHRA claims against the individual Defendants; and

3. The Motion to Dismiss (Docket No. 9) with regard to the workers' compensation retaliation claim against the individual Defendants is denied as moot since Plaintiff in not pursuing such a claim against the individual Defendants.

It is further ordered that Defendants' Motion to Strike Exhibits AA-GG filed with Plaintiff's Response to Defendants' Motion to Dismiss (Docket No. 14) is denied. It is also ordered that Defendants' Motion to Strike Plaintiff's Response to Defendants' Answer and Counterclaim (Docket No. 14) is denied and Plaintiff's Response to Penn United's Answer and Counterclaims (Docket No. 12) is deemed to have been granted leave to file.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge