IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROY D. THOMAS, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 09-179 |
| PENN UNITED TECHNOLOGY, BILL JONES, DAVID JONES and JAMES FERGUSON, | ) |
| Defendants. | ) |

AMBROSE, District Judge

## MEMORANDUM ORDER OF COURT

Pursuant to Rule 37(c)(1) Defendants filed a Motion to Strike the following particular documents: 1) Docket No. 55, Appendix Ex. 13 ¶¶41-41, RT 1131-43 ("untimely documents"); 2) Docket No. 52, Plaintiff's Brief in Opposition Section A; and 3) Docket No. 53, Plaintiff's Response to Defendants' Statement of Undisputed Material Facts Nos. 214, 217, 220-22. (Docket No. 57). Said untimely documents were produced on June 28, 2010. There is no dispute that said untimely documents were requested during discovery more than a year ago. I recognize that Plaintiff was *pro se* for the first five months of the case and perhaps was unaware of exactly what was to be produced. On July 30, 2009, however, counsel entered her appearance for Plaintiff. (Docket No. 31). As counsel is well aware, discovery responses must be supplemented in a timely manner. F.R.C.P. 26(e). Plaintiff's counsel gives no explanation as to why the untimely documents were not disclosed until eleven months after she was retained and four months after discovery closed other than it was "an honest mistake." (Docket No. 63, p. 4).

Plaintiff suggests that Defendants have not been prejudiced by the failure to produce the untimely documents. (Docket No. 63, p. 3). I disagree. Discovery closed almost four months ago. Additionally, Defendants have researched, drafted and filed their Motion for Summary Judgment

and all supporting documents. (Docket Nos. 48-49). Due to the fact that this case was initiated on February 12, 2009, I find that the prejudice can be cured without substantial delay to the age of the case, but not without an expense to Defendants. As a result, attorneys fees and costs associated with the additional discovery and the filing of a new Motion for Summary Judgment is warranted against Plaintiff's counsel.

THEREFORE, this 14th day of July, 2010, upon consideration of Defendants' Motion to Strike (Docket No. 57), said Motion is granted as follows:

1. Discovery is reopened until August 31, 2010, for the sole purpose of Defendants taking discovery related to the untimely documents;

2. Defendants' Motion for Summary Judgment (Docket No. 48) is denied, without prejudice, as premature;

3. Defendants' Motion for Summary Judgment is now due on October 1, 2010; Responses thereto are due on October 29, 2010; and Replies are due on November 12, 2010; and

4. The court will entertain a Motion for Attorneys Fees and Costs associated with the additional discovery only and the portion of the new Motion for Summary Judgment associated with the additional discovery against Plaintiff's counsel once Defendants have filed their new Motion for Summary Judgment.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States District Judge