IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROY D. THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 09-179 |
| | ) |
| PENN UNITED TECHNOLOGY, BILL JONES, DAVID JONES and JAMES FERGUSON, | ) ) ) |
| | ) |
| Defendants. | ) |

AMBROSE, Senior District Judge

## MEMORANDUM ORDER OF COURT

On June 17, 2011 Defendant filed a Motion *in Limine* seeking to exclude evidence of back pay /front pay damages. (ECF No. 102). On July 12, 2011, I granted Defendants' Motion and excluded Plaintiff from presenting any evidence of back pay or front pay damages for any period on or after November 2, 2006. (ECF No. 131). On July 12, 2011, Plaintiff filed a Motion for Reconsideration of that order. (ECF No. 135). Defendants filed a Response in Opposition. (ECF No. 137). After careful consideration of the same, I find there are sufficient grounds for reconsideration.

Generally speaking, when an employee is disabled from working, the employer is not responsible for any back pay or front pay for the period of total disability. *Cleveland v. Policy Management Systems Corp.,* 526 U.S. 795, 805-07 (1999); *Starceski v. Westinghouse Elec. Corp.,* 54 F.3d 1089, 1101 (3d Cir. 1995); *Mason v. Association for Independent Growth,* 817 F.Supp. 550, 554 (E.D.Pa. 1993). Where the employer's conduct caused the disability, courts have permitted plaintiffs to recover back pay and front pay. *See, Starceski,* 54 F.3d at 1101; *Savarese v. Agriss,* 883 F.2d 1194, 1206 n.19 (3d Cir. 1989); *McKenna v. City of Phil.*, 636 F.Supp.2d 446, 465 (E.D. Pa. 2009); *Whitner v. Emory University,* Civil Action No. 1:06-CV-

1518-TWT, 2008 WL 4224407, 26-27 (N.D. Ga. Sept. 12, 2008), citing *Lathem v. Dept. of Children and Youth Services,* 172 F.3d 786, 794 (11th Cir. 1999); *Worthington v. City of New Haven,* No. 3:94-CV-00609(EBB), 1999 WL 958627, 14-15 (D.Conn., Oct. 5, 1999).

In this case, there seems to be a genuine dispute as to whether Defendant's conduct caused Plaintiff's injuries that rendered him unable to work in any capacity. As a result, I find that Plaintiff can introduce at trial evidence of whether Plaintiff's total disability was caused by Defendants' alleged ADA violations as well as evidence related to back pay and front pay.[1]

THEREFORE, this 20th day of July, 2011, it is ordered Plaintiff's Motion for Reconsideration (ECF No. [135]) is granted. It is further ordered that my order dated July 12, 2011, regarding evidence of back pay and front pay (ECF No. [131]), is vacated. Finally, it is further ordered that Plaintiff is permitted to introduce evidence of back pay and front pay wage loss.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[1] In so ruling, however, I make no comment at this time on whether there is any applicable set off permitted.